## G. W. WOODWARD, ET AL. *v.* T. D. LITTLE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—990.]

**Advancements.**

> In the settlement of the mother's estate, where she died the owner of real estate, the children can not be charged in the distribution of such estate with money claimed to have been advanced to them in the settlement of their father's estate.

### APPEAL FROM McLEAN CIRCUIT COURT.

May 12, 1883.

OPINION BY JUDGE PRYOR:

The only question presented in this case is, Was the money received by the daughters of Mrs. Little from the estate of the mother or that of their father? In settling the estate of the mother and accounting for what they received from her, the chancellor can not take into consideration what may be given by the father. The land of the daughters (the appellants) was sold and the proceeds no doubt paid over to them, and there is no proof that they received the money from the mother. That they agreed to account for this sum as an advancement, and the mother so understood it, does not make it an advancement. The parties no doubt all supposed that they would have to account, but in this they are mistaken.

The mother died owning this tract of land, and it passed to her children in equal parts subject to any advancements she may have made them. It will not do to presume that they derived the money from their mother when their own land was sold and the proceeds unaccounted for, unless it was the money they received and now at-

tempted to be charged against them as advancements. In the settlement of the father's estate they can be compelled to account if the land was given them for the consideration of love and affection only, but not in the settlement of the mother's estate.

The judgment is therefore *reversed* and cause remanded for proceedings consistent with this opinion.

*Little & Slack, R. B. Slack, for appellants.* •

*L. W. Gates, for appellees.*

